**FIRST AMENDED**

**SUM-130**

# SUMMONS
## (CITACIÓN JUDICIAL)

### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

FOR COURT USE ONLY
SOLO PARA USO DE LA CORTE

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
10/16/2020 2:29 PM
Alex Calvo, Clerk
By: Dajah Me Los Estu04 Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MELISSA TRACY. MEREK TEJA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BEATRIX MENHARDT, also known as Trixi Menhardt

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.

Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.

**EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.

1. The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Cruz Superior Court, 701 Ocean Street, Rm. 110, Santa Cruz, CA 95060-4007

| CASE NUMBER *(número del caso):* |
| --- |
| 20CV02156 |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* James C. Eschen, 55 River Street Ste. 100, Santa Cruz, California 95060-4567 (831) 458-0502

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. September 1, 2011]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.46, 1167
www.courts.ca.gov

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
10/16/2020 2:29 PM
Alex Calvo, Clerk
By: Daja De los Santos, Deputy

James C. Escher
State Bar No. 117010
55 River Street, Suite 100
Santa Cruz, CA 95060-4507
Tel.:    (831) 458-0502
Fax:     (831) 426-0159
Email:   Escherlaw@cruzio.com

Attorney for plaintiff Beatrix Menhardt

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CRUZ
## LIMITED JURISDICTION

| | |
|---|---|
| BEATRIX MENHARDT, also known as Trixi Menhardt,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA TRACY, and<br>MEREK TEJA,<br><br>Defendants. | No. 20CV02156<br><br>First Amended Complaint for Unlawful Detainer<br><br>(Less than $10,000 in dispute) |

Plaintiff Beatrix Menhardt, also known as Trixi Menhardt, complains as follows:

1. Plaintiff owns the residential premises in unincorporated Santa Cruz County commonly known as 1535 Hidden Terrace Court, Santa Cruz, California. Plaintiff is informed and believes and on that basis alleges that the residence was built in 1985.

2. On January 14, 2020, Plaintiff rented the premises to Marla Edwards, Chuck Bennett, and defendant Melissa Tracy under the written one-year lease attached as Exhibit A. The lease required payment of $3,500 monthly rent on the first each of each month. The lease made each tenant liable for the entire monthly rent.

3. The lease provides for an award of attorney's fees in any action or legal proceeding to enforce it.

4. About February 1, 2020, defendant Tracy allowed defendant Merek Teja to reside at the premises with her.

1

First Amended Complaint for Unlawful Detainer

5. Marla Edwards vacated the premises in late June 2020. Chuck Bennett vacated the premises about July 1, 2020.

6. Defendant Tracy paid only $1,000 of the rent due July 1, 2020, and none of that due August 1, 2020, or September 1, 2020, so that her total rental default is $9,500.00

7. On September 3, 2020, Plaintiff served upon defendant Tracy the 15-day notice to pay rent or quit attached as Exhibit B for the amounts due in July and August. On that same day, she served upon Defendant Tracy the 15-day notice to pay rent or quit attached as Exhibit C for the amount due in September. She served both notices by posting them in a conspicuous place on the property and then mailing them in a sealed envelope, with first-class postage fully prepaid, addressed to defendant Tracy at the property.

8. The notices contain an election of forfeiture.

9. The notices expired September 28, 2020, at the end of the day, and defendants has not quit the premises, paid any of the amount due, or provided to Plaintiff a declaration of COVID-19-related financial distress.

10. The premises' fair rental value is $116.66 daily.

WHEREFORE, Plaintiff prays judgment as follows:

1. Possession of the premises;

2. Forfeiture of the lease;

3. Back rent of $9,500 from defendant Tracy;

4. Damages of $116.66 daily beginning October 1, 2020;

5. Costs of suit, including reasonable attorney's fees.

Dated: October 15, 2020



James C. Eschen
Attorney for Plaintiff Beatrix Menbandi

2

First Amended Complaint for Unlawful Detainer

## VERIFICATION

I, Beatrix Merchardt, am the plaintiff in this action. I have read the foregoing complaint and know its contents. It is true of my own knowledge, except for those matters that are alleged on information and belief. These matters I believe to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 13, 2020

_Beatrix Merchardt_

Beatrix Merchardt

5

Exhibit A

DocuSign Envelope ID: 95F113E4-1529-4126-A1AD-24E8547A50C7

### California Residential Lease

Date of Agreement: January 6, 2020

1.    PARTIES. This California Residential Lease ("Agreement") is between Marla Edwards, Melissa Tracy and Chuck Bennett (collectively, the "Tenant") and Trixi Menhardt ("Landlord"). Each Tenant is jointly and severally liable for all terms of this Agreement. The Manager is Trixi Menhardt. 408-458-6592. PO Box 33095, Los Gatos, CA 95031.

2.    PREMISES. Subject to the terms and conditions in this Agreement, Landlord rents to Tenant, and Tenant rents from Landlord, for residential purposes only, 1535 Hidden Terrace Ct, Santa Cruz, CA 95062 ("Premises").

3.    OCCUPANTS. The Premises shall be used and occupied only as a private residence by Tenant and immediate family of Tenant, provided that the total number of occupants does not exceed the number of occupants allowed under law. Tenant is responsible for the conduct of all occupants, guests, and invitees.

4.    AGREEMENT TERM. The term of the Agreement begins on February 1, 2020 and it ends at 11:59 p.m. on January 31, 2021 ("Agreement Term").

5.    PAYMENT OF RENT. Collectively, Tenant shall pay Landlord a monthly rental amount of $3,500, due to Landlord in full on the first business day of the month at Landlord's bank account listed in this Agreement. The monthly rental amount is split between the tenants as follows:

    Marla Edwards   $1,000
    Melissa Tracy   $1,400
    Chuck Bennett   $1,100

6.    CHARGES AND FEES. If Tenant fails to pay the rent in full by the fifth day of the month, Tenant shall pay Landlord a late charge of $0. If any payment offered by Tenant to Landlord for rent or any other amount due under this Agreement is returned for lack of sufficient funds, a stop-payment, or any other reason, Tenant shall pay Landlord an insufficient funds fee of $25.

7.    PRORATION OF RENT.  not applicable.

8.    SECURITY DEPOSIT. Security deposits are governed by Ca. Civ. Code § 1950.5.

A. Amount. Tenant shall deposit with Landlord the amount of $1,750 as a security deposit against any breach of this Agreement by Tenant. The amount of the security deposit may not exceed two months' rent for an unfurnished premises or three months' rent for a furnished premises.

The security amount is split between the tenants as follows:

    Marla Edwards   $500
    Melissa Tracy   $700

1



DocuSign Envelope ID: 55E113F4-1B25-4126-A1AD-24E8547A50C7

Chuck Bennett   5550

9.    Allowable Charges. Landlord may use the security deposit for any purpose, including, but not limited to, any of the following:

the compensation of Landlord for Tenant's default in the payment of rent; ⊑

the repair of damages to the Premises, exclusive of ordinary wear and tear, caused by Tenant or by a guest or licensee of the Tenant; ⊑

the cleaning of the Premises upon termination of the tenancy necessary to return the Premises to the same level of cleanliness it was in at the inception of the tenancy; and ⊑

to remedy future defaults by Tenant in any obligation under this Agreement to restore, replace, or return personal property or appurtenances, exclusive of ordinary wear and tear. ⊒

10.   Return of Security Deposit. Prior to vacating the Premises, Tenant shall provide Landlord with a forwarding address. Any mailings to Tenant pursuant to this section shall be sent to the address provided by Tenant. If Tenant does not provide an address, mailings pursuant to this section shall be sent to the Premises. Within 21 calendar days after Tenant has vacated the Premises, Landlord shall furnish Tenant, by personal delivery or by first-class mail, postage prepaid, a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security, and shall return any remaining portion of the security to Tenant. For charges that exceed $125, Landlord shall also include copies of documents showing charges incurred and deducted by Landlord to repair or clean the Premises, along with the itemized statement. If Landlord or Landlord's employee did the work, the itemized statement shall reasonably describe the work performed. The itemized statement shall include the time spent and the reasonable hourly rate charged. If the Landlord or Landlord's employee did not do the work, the Landlord shall provide Tenant a copy of the bill, invoice, or receipt supplied by the person or entity performing the work. The itemized statement shall provide Tenant with the name, address, and telephone number of the person or entity, if the bill, invoice, or receipt does not include that information. ⊒

11.   Repair Delays. If a repair to be done by the Landlord or the Landlord's employee cannot reasonably be completed within 21 calendar days after Tenant has vacated the Premises, or if the documents from a person or entity providing services, materials, or supplies are not in Landlord's possession within 21 calendar days after Tenant has vacated the Premises, Landlord may deduct the amount of a good faith estimate of the charges that will be incurred and provide that estimate with the itemized statement. If the reason for the estimate is because the documents from a person or entity providing services, materials, or supplies are not in Landlord's possession, the itemized statement shall include the name, address, and telephone number of the person or entity. Within 14 calendar days of completing the repair or receiving the documentation, Landlord shall complete the

2

DocuSign Envelope ID: 05E113E4-1B29-4126-A1AD-24E3547A50C7

requirements in section 8(B) of this Agreement in the manner specified.

9. MOVE-OUT INSPECTION. Within a reasonable time after notification of either party's intention to terminate this Agreement, or before the end of the Agreement Term, Landlord shall notify Tenant in writing of Tenant's option to request an initial inspection of the Premises. Tenant's option is as follows. No earlier than two weeks before the end of the Agreement Term, Tenant may request that Landlord make an initial inspection of the Premises prior to any final inspection Landlord makes after Tenant vacates. The purpose of the initial inspection is to allow Tenant an opportunity to remedy deficiencies in order to avoid deductions from Tenant's security deposit. If Tenant does not request an initial inspection, Landlord shall have no duty to provide one. If Tenant does request an initial inspection, the parties shall attempt to schedule the inspection at a mutually acceptable date and time. Unless Tenant and Landlord agree otherwise in writing, Landlord shall give Tenant at least 48 hours' prior written notice of the date and time of the inspection. Landlord shall proceed with the inspection whether or not Tenant is present, unless Tenant withdraws the request for the initial inspection. Landlord's written notice shall include the following statement:

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

Based on the inspection, Landlord shall give Tenant an itemized statement specifying repairs or cleanings that are proposed to be the basis of any deductions from the security deposit the landlord intends to make pursuant to section 8(A) of this Agreement. Landlord shall give the statement to Tenant, if Tenant is present for the inspection, or Landlord shall leave it inside the Premises.

10. KEYS. Landlord shall provide Tenant with 2 house key(s) which also open the inside garage door, 1 mailbox key, and 2 remote garage door openers (collectively, the "Keys"). Keys may be duplicated by the Tenant, and Tenant shall return all Keys including any duplications to Landlord at move-out. Tenant's failure to return the Keys to Landlord at move-out shall incur a $50 administrative fee, plus the costs of the lock change service.

11. UTILITIES.

A.   Responsibilities. Landlord shall be responsible for paying the following utilities: Water, Trash, Recycling (through the Homeowners Association). Tenant shall be responsible for paying all other utilities including but not limited to: Electricity, Gas, Cable, Telephone, Internet. Within three business days after the beginning of the Agreement Term, Tenant shall arrange for such utilities or services and for billing directly to Tenant for the Agreement Term. The party responsible for any particular utility or service shall not be liable for failure to furnish the utility or service when the cause of such failure is beyond that party's control. Per Ca. Civ. Code § 1942.2, if Tenant makes a utility payment for residential electrical, gas, heat, or water service that is an obligation of the Landlord under this Agreement, then Tenant may deduct the cost of such utility payment from the rent payment.



DocuSign Envelope ID: 85E113E4-1829-4126-A1A0-24E6547A50C7

12.     SMOKING. Smoking is not permitted in the Premises.

13.     PET RESTRICTIONS. Pets are allowed and limited to two cats and two dogs.

14.     NOTICE TO QUIT AND HOLDOVER.

A.      Tenant's Notice And Automatic Extension. (Per Ca. Civ. Code § 1945.5) At least 30 days prior to the expiration of the Agreement Term, Tenant shall provide Landlord with written notice of Tenant's intention to surrender the Premises by the end of the Agreement Term. If such notice is not timely given, lease converts to month-to-month tenancy.

B.      Month-to-Month Tenancies. If this Agreement shall become a month-to-month tenancy, then the following shall apply: continuation of the terms of this agreement.

i.      Notice by Landlord. Per Ca. Civ. Code § 1946.1, Landlord may terminate a month-to-month tenancy by providing 60 days' written notice to Tenant. If Tenant has resided in the Premises for less than one year (or Ca. Civ. Code § 1946.1(d) applies regarding the sale of the Premises), Landlord may terminate a month-to-month tenancy by providing 30 days' written notice to Tenant. Landlord's written notice shall include the following statement: State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

ii.     Notice by Tenant. Tenant may terminate a month-to-month tenancy by providing 30 days' written notice to Landlord.

15. RENT CHANGES.

A.      Month-to-Month Rent Increases. If the fixed term of the Agreement Term expires and this Agreement becomes a month-to-month lease, then the following shall apply. Per Ca. Civ. Code § 827, if Landlord's proposed rent increase is 10 percent or less of the rental amount charged to Tenant at any time during the 12 months prior to the effective date of the increase, either in and of itself or when combined with any other rent increases for the 12 months prior to the effective date of the increase, the notice shall be delivered at least 90 days prior to the effective date of the increase. For an increase in rent greater than 10 percent, the minimum notice period shall be 180 days. If the notice is served by mail, the notice is subject to Section 1013 of the Code of Civil Procedure.

16.     POSSESSION OF THE PREMISES. Tenant shall be responsible for paying rent and complying with all terms of this Agreement after signing this Agreement, even if Tenant fails to take possession of the Premises.

17.     BUILDING REQUIREMENTS.

4

A.      Landlord's Responsibilities. Per Ca. Civ. Code § 1941.3 and § 1941.4, Landlord shall do all of the following: i. install and maintain an operable dead bolt lock on each main swinging entry door of a dwelling unit; ii. install and maintain operable window security or locking devices for windows that are designed to be opened; iii. install locking mechanisms that comply with applicable fire and safety codes on the exterior doors that provide ingress or egress to common areas with access to dwelling units in multifamily developments; and iv. install at least one usable telephone jack and place and maintain the inside telephone wiring in good working order according to applicable building code requirements. Landlord, or Landlord's authorized agent, shall not be liable for a violation of section 19(A) unless he or she fails to correct the violation within a reasonable time after he or she either has actual notice of a deficiency or receives notice of a deficiency.

B.      Tenant's Responsibilities. Tenant shall be responsible for notifying Landlord when Tenant becomes aware of an inoperable dead bolt lock or window security or locking device in the Premises.

18.   MAINTENANCE RESPONSIBILITIES.

A.      Landlord's Responsibilities. Landlord warrants that the Premises is fit for human habitation. If any breach of the following is caused by Tenant, such defective condition shall not constitute a breach of Landlord's obligations under this section. Landlord shall comply with all applicable building and housing codes materially affecting health and safety, and shall make repairs as necessary to keep the Premises in a fit and habitable condition. Unless otherwise provided under California law, the Premises is deemed uninhabitable if it substantially lacks any of the following characteristics, per Ca. Civ. Code § 1941.1:

i.      effective waterproofing and weather protection of roof and exterior walls, including unbroken windows and doors;

ii.     plumbing or gas facilities that conformed to applicable law in effect at the time of installation, maintained in good working order;

iii.    a water supply approved under applicable law that is under the control of Tenant, capable of producing hot and cold running water, or a system that is under the control of Landlord that produces hot and cold running water, furnished to appropriate fixtures, and connected to a sewage disposal system approved under applicable law;

iv.     heating facilities that conformed with applicable law at the time of installation, maintained in good working order;

v.      electrical lighting, with wiring and electrical equipment that conformed with applicable law at the time of installation, maintained in good working order;

vi.     building, grounds, and appurtenances at the time of the commencement of this Agreement, and all areas under Landlord's control, kept in every part clean,

5

DocuSign Envelope ID: 6BE113E4-1D29-4126-A1AD-24E8547A50C7

sanitary, and free from all accumulations of debris, filth, rubbish, garbage, rodents, and vermin;

vii.      an adequate number of appropriate receptacles for garbage and rubbish, in clean condition and good repair at the time of the commencement of this Agreement, with Landlord providing appropriate serviceable receptacles thereafter and being responsible for the clean condition and good repair of the receptacles under Landlord's control; or

viii.     floors, stairways, and railings maintained in good repair.

B.     Tenant's Responsibilities. Tenant shall not destroy, deface, damage, impair, or remove any part of the Premises or surrounding property, nor permit any person under Tenant's direction or control to do so. Per Ca. Civ. Code § 1942.2. Tenant shall:

i.      keep the Premises clean and sanitary as the condition of the Premises permits;

ii.     dispose of all rubbish, garbage and other waste from the Premises in a clean and sanitary manner;

iii.     properly use and operate all electrical, gas and plumbing fixtures and keep them as clean and sanitary as their condition permits;

iv.     notify Landlord immediately of any defects, maintenance issues, or dangerous conditions of which Tenant becomes aware; and

v.     occupy the Premises as Tenant's abode, utilizing portions thereof for living, sleeping, cooking or dining purposes only which were respectively designed or intended to be used for such occupancies.

21.    SURRENDER. Upon termination of the tenancy, Tenant shall return the Premises to Landlord in a condition identical to that which existed when Tenant took occupancy, except for ordinary wear and tear. Tenant has examined the Premises, including appliances, fixtures, carpets, drapes and paint, and has found them to be in good, safe, clean, and operable condition; except as noted on an inspection checklist, if any.

22.    REPAIRS AND ALTERATIONS.

A.    In General. Except as provided by law, Tenant shall not make any repairs or alterations to the Premises without the prior written consent of Landlord and the homeowner's association, if applicable. Repairs and alterations include but are not limited to painting, wallpapering, demolition, carpentry, installation of fixtures, or any other changes to the Premises. Any repairs or alterations that Tenant performs with approved consent must conform to a professional standard of quality. Any repairs or alterations performed by Tenant shall become the property of Landlord, and Tenant shall not be entitled to any compensation for such repairs or alterations.

DocuSign Envelope ID: 55E11354-1829-412S-A1AD-24E6547A_5007

B.  Repairs by Tenant; Rent Deduction. If within a reasonable time after written or oral notice to Landlord or Landlord's agent, as defined in subdivision Ca. Civ. Code § 1962, of dilapidations rendering the Premises untenantable which Landlord ought to repair and Landlord neglects to do so; then per Ca. Civ. Code § 1942 Tenant may repair the same where the cost of such repairs does not require an expenditure more than one month's rent of the Premises and deduct the expenses of such repairs from the rent when due, or Tenant may vacate the Premises, in which case Tenant shall be discharged from further payment of rent, or performance of other conditions as of the date of vacating the Premises. This remedy shall not be available to Tenant more than twice in any 12-month period. For the purposes of this section, if Tenant acts to repair and deduct after the 30th day following notice, he or she is presumed to have acted after a reasonable time. ⊞

C.  Keys and Security Systems. Tenant shall not, without the prior written consent of Landlord, alter or install any locks to the Premises, or alter or install any security system. Tenant shall provide Landlord with a key or keys capable of unlocking all such altered or new locks as well as instructions on how to disarm any altered or new security system. Per Ca. Civ. Code § 1941.5 and § 1941.6, Landlord shall change the locks of the Premises for Tenant if Tenant is protected by a restraining order from another person. Landlord shall change the locks upon written request of the protected Tenant no later than 24 hours after the protected Tenant gives Landlord a copy of a court order or police report, and Landlord shall give the protected Tenant a key to the new locks. ⊞

23.  USE VIOLATIONS. Tenant is responsible for the behavior of Tenant's guests and invitees. Tenant shall comply with all rules and regulations of Landlord and the homeowner's ⊞association, if applicable. Tenant and Tenant's guests and invitees shall not use the Premises or any common areas on the property in such a manner that:

A.  violates any law or ordinance, including laws prohibiting the use, possession, or sale of illegal drugs; ⊞

B.  damages the Premises, common areas, or surrounding property; or ⊞

C.  disturbs the peace and quiet of any other tenant or nearby resident. ⊞⊞

26. ABANDONMENT.

A.  Damages. If Tenant abandons the Premises before the end of the Agreement ⊞Term, Landlord may recover unpaid rent up to the time of the judgment and future rent owed under this Agreement, subject to the Landlord's duty to mitigate damages. Per Ca. Civ. Code § 1951.2(c)(1), the damages Landlord may recover include the worth at the time of award of the amount by which the unpaid rent for the balance of the Agreement Term after the time of award, or for any shorter period of time specified in this Agreement, exceeds the amount of such rental loss for the same period that Tenant proves could be reasonably avoided. ⊞

B.  Notice By Landlord. Per Ca. Civ. Code § 1951.3, the Premises shall be deemed

7



abandoned by Tenant and this Agreement shall terminate if Landlord gives written notice of Landlord's belief of abandonment in compliance with the form described by Ca. Civ. Code § 1951.3 and Tenant fails to give the Landlord written notice (prior to the date of termination specified in Landlord's notice) stating that Tenant does not intend to abandon the Premises and stating an address at which Tenant may be served by certified mail in any action for unlawful detainer of the real property. Landlord may give a notice of belief of abandonment to Tenant pursuant to this section only where the rent on the property has been due and unpaid for at least 14 consecutive days and the Landlord reasonably believes that the Tenant has abandoned the Premises. The date of termination of this Agreement shall be specified in the Landlord's notice and shall be not less than 15 days after the notice is served personally or, if mailed, not less than 18 days after the notice is deposited in the mail.

C.     Form Of Notice. Per Ca. Civ. Code § 1951.3(d), the notice of belief of abandonment shall be

in substantially the following form:

Notice of Belief of Abandonment To: _____ (Name of lessee/tenant) _____ (Address of lessee/tenant) This notice is given pursuant to Section 1951.3 of the Civil Code concerning the real property leased by you at _____ (state location of the property by address or other sufficient description). The rent on this property has been due and unpaid for 14 consecutive days and the lessor/landlord believes that you have abandoned the property. The real property will be deemed abandoned within the meaning of Section 1951.2 of the Civil Code and your lease will terminate on _____ (here insert a date not less than 15 days after this notice is served personally or, if mailed, not less than 18 days after this notice is deposited in the mail) unless before such date the under signed receives at the address indicated below a written notice from you stating both of the following: (1) Your intent not to abandon the real property. (2) An address at which you may be served by certified mail in any action for unlawful detainer of the real property. You are required to pay the rent due and unpaid on this real property as required by the lease, and your failure to do so can lead to a court proceeding against you. Dated: _____ _____ (Signature of _____ lessor/landlord)

_____ _____ (Type or print name of lessor/landlord) _____ (Address to which lessee/tenant is to send _____ notice)

D.     Continuation Of Lease. Landlord has the remedy described in California Civil Code Section

1951.4 (lessor may continue lease in effect after lessee's breach and abandonment and recover rent as it becomes due, if lessee has right to sublet or assign, subject only to reasonable limitations).

## 27. PERSONAL PROPERTY.

A. Abandoned Personal Property.

i. Notice. Per Ca. Civ. Code § 1983, where personal property remains on the Premises after a tenancy has terminated and Tenant has vacated the Premises, Landlord shall give written notice to Tenant and to any other person Landlord reasonably believes to be the owner of the property. If the property consists of records, Tenant shall be presumed to be the owner of the records. The

DocuSign Envelope ID: 65E113E4-1B29-4126-A1AD-24E8547A50C7

notice (see forms provided in Ca. Civ. Code §§ 1984-5) shall describe the property in a manner reasonably adequate to permit the owner of the property to identify it. The notice may describe all or a portion of the property and advise the person to be notified that reasonable costs of storage may be charged before the property is returned, where the property may be claimed, and the date before which the claim must be made. The date specified in the notice shall be a date not less than 15 days after the notice is personally delivered or, if mailed, not less than 18 days after the notice is deposited in the mail. The notice shall be personally delivered to the person to be notified or sent by first-class mail, postage prepaid, to the person to be notified at Tenant's last known address and, if there is reason to believe that the notice sent to that address will not be received by that person, also to any other address known to Landlord where the person may reasonably be expected to receive the notice. If the notice is sent by mail, one copy shall be sent to the Premises vacated by Tenant. If Tenant provided Landlord with Tenant's email address, Landlord may also send the notice by email.

ii.   Storage. Per Ca. Civ. Code § 1986, the personal property described in the notice shall either be left on the vacated Premises or be stored by Landlord in a place of safekeeping until Landlord either releases the property pursuant to section 27(B)(iii) or disposes of the property pursuant to section 27(B)(iv). Landlord shall exercise reasonable care in storing the property, but Landlord is not liable to Tenant or any other owner for any loss not caused by Landlord's deliberate or negligent act.

iii.  Release. Per Ca. Civ. Code § 1987, the personal property described in the notice shall be released by Landlord to the former Tenant or, at Landlord's option, to any person reasonably believed by Landlord to be its owner if Tenant or other person pays the reasonable cost of storage and takes possession of the property not later than the date specified in the notice for taking possession. Where personal property is not released and the notice stated that the personal property would be sold at a public sale, Landlord shall release the personal property to the former Tenant if he or she claims it prior to the time it is sold and pays the reasonable cost of storage, advertising, and sale incurred prior to the time the property is withdrawn from sale. Notwithstanding, Landlord shall release the personal property described in the notice to the former Tenant and shall not require the former Tenant to pay the cost of storage if the property remained in the Premises and the former Tenant or other person reasonably believed by the Landlord to be its owner reclaims the property within two days of vacating the Premises.

iv.   Sale. Per Ca. Civ. Code § 1988, if the personal property described in the notice is not released pursuant to section 27(B)(iii), it shall be sold at public sale by competitive bidding. However, if Landlord reasonably believes that the total resale value of the property not released is less than seven hundred dollars ($700), Landlord may retain the property for Landlord's own use or dispose of it in any manner. Nothing in this section shall be construed to preclude Landlord or Tenant from bidding on the property at the public sale. Notice of the time and place of the public sale shall be given by publication pursuant to Cal.Gov.Code §6066 in a newspaper of general circulation published in the county where the sale is to be held once a week for two consecutive weeks. The last publication shall be not less than five days before the sale is to be held. The notice of the sale shall not be published before the last of the dates specified for taking possession of the property in any notice given pursuant to Ca. Civ. Code § 1983. The notice of the sale shall describe the property to be sold in a manner reasonably adequate to permit the owner of the property to identify it. The notice may describe all or a portion of the property, but the limitation of liability provided by Ca. Civ. Code § 1989 does not protect Landlord from any liability



DocuSign Envelope ID: 6SE113F4-1B3294126-A1AD-24E8547A50C7

arising from the disposition of property not described in the notice, except that a trunk, valise, box, or other container which is locked, fastened, or tied in a manner which deters immediate access to its contents may be described as such without describing its contents. After deduction of the costs of storage, advertising, and sale, any balance of the proceeds of the sale which is not claimed by the former Tenant or an owner other than such Tenant shall be paid into the treasury of the county in which the sale took place not later than 30 days after the date of sale. The former Tenant or other owner may claim the balance within one year from the date of payment to the county by making application to the county treasurer or other official designated by the county. If the county pays the balance or any part thereof to a claimant, neither the county nor any officer or employee thereof is liable to any other claimant as to the amount paid.

B. Surrender of Personal Property From Eviction Or Foreclosure. Per Ca. Civ. Code § 1965, Landlord shall not refuse to surrender to Tenant any personal property not owned by the Landlord which has been left on the Premises after Tenant has vacated the Premises and the return of which has been requested by Tenant if all of the following occur:

i. Tenant requests, in writing, within 18 days of vacating the Premises, the surrender of the personal property and the request includes a description of the personal property held by Landlord and specifies the mailing address of Tenant;

ii. Landlord or Landlord's agent has control or possession of Tenant's personal property at the time the request is received;

iii. Tenant, prior to the surrender of the personal property by the Landlord and upon written demand by the Landlord, tenders payment of all reasonable costs associated with the Landlord's removal and storage of the personal property. Landlord's demand for payment of reasonable costs associated with the removal and storage of personal property shall be in writing and shall either be mailed to the Tenant at the address provided by Tenant pursuant to section 27(B)(i) or shall be personally presented to Tenant, within five days after the actual receipt of the Tenant's request for surrender of the personal property, unless

the property is returned first. The demand shall itemize all charges, specifying the nature and amount of each item of cost; and

iv. Tenant agrees to claim and remove the personal property at a reasonable time mutually agreed upon by Landlord and Tenant but not later than 72 hours after the tender provided for under section 27(B)(iii).

"Reasonable costs associated with the landlord's removal and storage of the personal property" shall include, but not be limited to reasonable costs actually incurred, or the reasonable value of labor actually provided, or both, in removing the personal property from its original location to the place of storage, including disassembly and transportation; and reasonable storage costs actually incurred, which shall not exceed the fair rental value of the space reasonably required for the storage of the personal property.

28. PERSONAL AGRICULTURE. Per Ca. Civ. Code § 1940.10:

DocuSign Envelope ID: 65F113F4-1B26-4126-A1AD-24E8547A50C7

A.      Definitions. For the purposes of this section, the following definitions shall apply:

i.          "Private area" means an outdoor backyard area that is on the ground level of the Premises;

ii.         "Personal agriculture" means a use of land where an individual cultivates edible plant crops for personal use or donation; and

iii.        "Plant crop" means any crop in its raw or natural state, which comes from a plant that will bear edible fruits or vegetables. It shall not include marijuana or any unlawful crops or substances.

B.      Landlord shall permit Tenant to participate in personal agriculture in portable containers approved by Landlord in Tenant's private area if the following conditions are met:

i.          Tenant regularly removes any dead plant material and weeds, with the exception of straw, mulch, compost, and any other organic materials intended to encourage vegetation and retention of moisture in soil, unless Landlord and Tenant have a preexisting or separate agreement regarding garden maintenance where Tenant is not responsible for removing or maintaining plant crop and weeds;

ii.         The plant crop will not interfere with the maintenance of the rental property;

iii.        The placement of the portable containers does not interfere with any tenant's parking spot; and

E.      Subject to the notice required by section 34 or Ca. Civ. Code § 1954, Landlord has a right to periodically inspect any area where Tenant is engaging in personal agriculture to ensure compliance with this section.

F.      This section shall only apply to residential real property that is improved with, or consisting of, a building containing not more than two units that are intended for human habitation.

30.     TENANT'S OBLIGATION TO DELIVER CERTAIN NOTICES TO LANDLORD. Per Ca. Civ. Code § 1949, if Tenant receives notice of any proceeding to recover the real property occupied by Tenant, or the possession of the real property, Tenant shall immediately inform Landlord of the proceeding, and also deliver to Landlord the notice, if in writing, and Tenant is responsible to Landlord for all damages which Landlord may sustain by reason of any omission to inform Landlord of the notice, or to deliver it to Landlord if in writing.

31.     PEST CONTROL.

A.      Pest Control By A Registered Structural Pest Control Company. Per Ca. Civ. Code § 1940.8. Landlord shall provide Tenant with a copy of the notice provided by a registered structural pest control company pursuant to Section 8538 of the Business and Professions Code, if a contract for periodic pest control service has

11

been executed. 💬

B.      Pest Control By Landlord. Landlord shall comply with the notice requirements of
        Ca. Civ. Code § 1940.8.5. 💬

33.     QUIET ENJOYMENT AND LANDLORD'S RIGHT TO ACCESS. 💬

A.       Entry. As long as Tenant is not in default under this Agreement, Tenant is entitled to quiet
enjoyment of the Premises. Except in cases of emergency or when Tenant has abandoned
or surrendered the Premises, entry may not be made during other than normal business
hours, unless Tenant consents to an entry during other than normal business hours at the
time of entry. Per Ca. Civ. Code § 1954, Landlord may enter the Premises only in the
following cases:

i.      in case of emergency; 💬

ii.     to make necessary or agreed repairs, decorations, alterations or improvements, supply
        necessary or agreed services, or exhibit the Premises to prospective or actual purchasers,
        mortgagees, tenants, workers, or contractors or to make an inspection pursuant to Ca. Civ.
        Code § 1950.5(f); 💬

iii.    when Tenant has abandoned or surrendered the Premises; and 💬

iv.     pursuant to court order. 💬

B.      Required Notice. Except as provided in subsection (A) above, Landlord shall give
        Tenant reasonable notice in writing of Landlord's intent to enter and enter only during
        normal business hours. The notice shall include the date, approximate time, and purpose
        of the entry. The notice may be personally delivered to Tenant, left with someone of a
        suitable age and discretion at the Premises, or, left on, near, or under the usual entry door
        of the Premises in a manner in which a reasonable person would discover the notice.
        Twenty-four hours shall be presumed to be reasonable notice in absence of evidence to
        the contrary. The notice may be mailed to the Tenant. Mailing of the notice at least six days
        prior to an intended entry is presumed reasonable notice in the absence of evidence to the
        contrary. 💬

C.      Prospective Purchaser. If the purpose of the entry is to exhibit the Premises to
        prospective or actual purchasers, the notice may be given orally, in person or by
        telephone, if Landlord or Landlord's agent has notified Tenant in writing within 120 days of
        the oral notice that the property is for sale and that Landlord or agent may contact Tenant
        orally for the purpose described above. Twenty-four hours is presumed reasonable notice
        in the absence of evidence to the contrary. The notice shall include the date, approximate
        time, and purpose of the entry. At the time of entry, Landlord or agent shall leave written
        evidence of the entry inside the dwelling unit. 💬

D.      Oral Agreement. Tenant and Landlord may agree orally to an entry to make agreed
        repairs or supply agreed services. The agreement shall include the date and approximate
        time of the entry, which shall be within one week of the agreement. In this case, Landlord is

12

DocuSign Envelope ID: 65E113E4-1B29-4125-A1AD-24EE547A50C7

not required to provide Tenant a written notice.

35.     FORCE MAJEURE. If Landlord or Tenant cannot reasonably perform its obligations under
this Agreement because of a natural disaster, war, terrorist activities, civil commotion, an
act of God, or any other event beyond Landlord's or Tenant's control (except for non-
availability of funds), the party shall not be in breach of this Agreement if the party diligently
performs the obligations after the end of the force majeure event. The non- performing
party shall give written notice to the other party as soon as practicable in the event of
non-performance due to a force majeure event.

36.     ASSIGNMENT, SUBLETTING, AND RELEASE. Per Ca. Civ. Code § 1951.4(b)(3), with the
prior written consent of Landlord, Tenant may sublet any part of the Premises or assign this
Agreement, and Landlord's consent shall not be unreasonably withheld. Unless Landlord
issues Tenant a written release, Tenant shall not be released from this Agreement for any
reason including but not limited to school withdrawal or transfer, business or employment
transfer, loss of employment, marriage, divorce, separation, or bad health, with the
exception of certain military service members, victims of domestic violence, and any other
exceptions as may be permitted under federal and/or state law. Landlord may charge
Tenant a reasonable administrative fee for any assignment, sublet, or release.

37.     GROUNDS FOR TERMINATION OF THE TENANCY.

A.        Termination by Landlord. Landlord may terminate this Agreement if:

i.           Tenant or Tenant's guests or invitees fail to comply with any term of this
Agreement;

ii.          Tenant misrepresents any material fact on Tenant's rental application; or

iii.         otherwise provided by law.

B.        Termination By Tenant. Tenant may terminate this Agreement if:

i.           the Premises is damaged or destroyed other than by the wrongful or
negligent acts of Tenant to the extent that normal use and occupancy is
substantially impaired;

ii.          Landlord breaches the warranty of habitability described in section 20(A)
above;

iii.         Tenant is a victim of domestic violence per Ca. Civ. Code § 1946.7; or

iv.          otherwise provided by law.

38.     INSURANCE AND LIABILITY. Landlord's insurance does not cover Tenant's personal
possessions in the event of loss or damage due to fire, windstorm, flood, theft, vandalism,
or other similar cause. If Tenant desires to insure personal possessions or to insure against



DocuSign Envelope ID: 65E113E4-1B29-4126-A1AD-24E8547A50C7

Tenant's personal liability. Tenant should obtain renter's insurance. Tenant's insurance shall be the primary insurance responsible for payment in the event of a loss, and Tenant or Tenant's insurance company will reimburse Landlord or Landlord's insurance company, if necessary. Tenant shall only be liable for personal injury or property damage caused by the negligence or willful acts of Tenant. Landlord shall only be liable for personal injury or property damage caused by the negligence or willful acts of Landlord.

39.     SUBORDINATION. This Agreement is subordinate to any existing or future mortgages or deeds of trust.

40.     RELEASE OF TENANT INFORMATION TO THIRD PARTIES. Tenant authorizes Landlord to disclose Tenant's rental history to a third party who requests the information for a governmental, judicial, law enforcement, or business purpose.

41.     EMINENT DOMAIN. If any part of the Premises is condemned through power of eminent domain, this Agreement shall end and all condemnation proceeds shall belong to Landlord.

42.     NOTICES AND AUTHORITY TO RECEIVE LEGAL PAPERS. Landlord, any person managing the Premises, and anyone designated by Landlord are authorized to accept service of process and receive other notices and demands at Landlord's address listed below.

A.      To Tenant. Unless otherwise specified in this Agreement or required under law, all notices required under this Agreement shall be in writing and shall be delivered by Landlord to Tenant as follows or by sending a copy by certified or registered mail:

i.          by delivering a copy to Tenant personally;

ii.         if Tenant is absent from Tenant's place of residence, and from Tenant's usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to Tenant at Tenant's place of residence; or

iii.        if such place of residence and business cannot be ascertained, or a person of suitable age or discretion there cannot be found, then by affixing a copy in a conspicuous place on Premises, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to Tenant at the Premises.

B.      To Landlord. Unless otherwise specified in this Agreement or required under law, all notices required under this Agreement shall be in writing and shall be delivered by Tenant to Landlord personally or by sending a copy by certified or registered mail as follows: To Landlord: Trixi Menhardt, PO Box 33095, Los Gatos, CA 95031

C.      Monthly rental payments shall be transferred electronically to the following account: Wells Fargo    Routing number 121042882   Account number 0033182346

14

DocuSign Envelope ID: 65E113E4-1B29-4126-A1AD-24E8547A50C7

Account holder: Trixi Menhardt

43.     ADDITIONAL PROVISIONS. Additional provisions are as follows: one designated parking
        spot, plus one car garage = maximum of two cars on the property overnight.

44.     ATTORNEY'S FEES. In any action or legal proceeding to enforce any part of this
        Agreement, the prevailing party shall recover damages, reasonable attorney's fees, and
        costs.

45.     WAIVER. The failure by Landlord to insist in any one or more cases upon strict
        performance of any of the terms and conditions of this Agreement shall not be construed
        as a waiver or a relinquishment for the future of any such term or condition of this
        Agreement.

46.     HEADINGS. The section headings contained in this Agreement are for reference purposes
        only and shall not in any way affect the meaning or interpretation of this Agreement.

47.     ELECTRONIC TRANSACTIONS. Landlord and Tenant hereby consent to execution of this
        Agreement by electronic signature.

48.     VALIDITY OF EACH PART. If any portion of this Agreement is held to be invalid or
        unenforceable, the remaining provisions shall continue to be valid and enforceable.

49.     ENTIRE AGREEMENT. This Agreement constitutes the entire agreement between
        Landlord and Tenant. No promises or representations, other than those contained herein
        or implied by law, have been made by Landlord or Tenant. Any addendum or modification
        to this Agreement must be in writing and signed by Landlord and Tenant. Landlord shall
        provide an executed copy of this Agreement to Tenant within 15 days after its execution.

Notice per Ca. Civ. Code § 1945.5: Section 14(A) of this Agreement contains an automatic renewal
or extension if Tenant remains in possession after the expiration of the Agreement Term or if
Tenant fails to give notice of Tenant's intent not to renew or extend before the expiration of the
Agreement Term.

15

DocuSign Envelope ID: 65E113E4-1B23-4126-A1AD-24E8547A50C7

Effective as of the date first set forth above.


Tenant - Marla Edwards                date signed:

Tenant - Melissa Tracy                date signed:

Tenant - Chuck Bennett                date signed:

Landlord - Trixi Menhardt             date signed:

DocuSign Envelope ID: 65E113E4-1B29-4126-A1AD-24565447A50C7

**Condition of the Premises Agreement**

Date: January 6, 2020

This Condition of the Premises Agreement ("Agreement") is between Marla Edwards, Melissa Tracy and Chuck Bennett (collectively, the "Tenant") and Trixi Menhardt ("Landlord") regarding the residential lease for 1535 Hidden Terrace Ct. Default, Santa Cruz, CA 95062 ("Premises") beginning February 1, 2020, (the "Lease").

1   RECORD OF CONDITION: DAMAGES

This Agreement provides a record of the condition of the Premises at the inception of the Lease.

Any damage to the Premises that exists at the inception of the Lease should be described by Landlord in section 2 below, or provided in writing by Tenant to Landlord per section 3 below.

If no comments are provided by Landlord or Tenant concerning an area or feature of the Premises, then that area or feature shall be presumed to be damage-free and in good working order.

Any damage to the Premises that exists at the end of Tenant's tenancy shall be presumed to be the responsibility of Tenant, unless such damage is disclosed per the terms of this Agreement.

2   LANDLORD'S COMMENTS CONCERNING THE CONDITION OF THE PREMISES
The following are Landlord's comments concerning the condition of the Premises:

a. Items acknowledged to be in poor condition:
   I.      Thinly laid laminate hardwood floor throughout the house.
   II.     2nd floor bedroom shutters are old.
   III.    Left lower burner of stove is scratched.
   IV.     2nd floor bathroom entry row of floor tiles are cracked.
   V.      2nd floor balcony closet has water damage.
   VI.     Both bathrooms do not have toilet paper holders.
   VII.    1st floor bathroom is missing a drawer pull.
   VIII.   1st floor bedroom door is warped.
   IX.     1st floor patio door has missing/ not fitting screen door
   X.      Backyard landscape as is - tenant may alter or maintain at their preference.

3   LANDLORD'S COMMENTS CONCERNING THE FURNISHING OF THE PREMISES
The premises are leased unfurnished, except for the following items which are the property of the landlord.

a. Appliances: Washer, dryer, dishwasher, stove with integrated oven, medium sized refrigerator, electric wallheater in 1st floor bedroom.
b. Furnishing: cabinet at 3rd floor landing.

17

DocuSign Envelope ID: 65E113E4-1E29-4126-A1AD-24E8547A5DC7



### 4   INSTRUCTIONS FOR TENANT

a.   Tenant, please inspect the Premises for damage. Review the condition of the walls, appliances, plumbing fixtures, lighting fixtures, doors, windows, floors, furnishings, countertops, carpets, drapes, and other areas or features.

b.   Tenant, within 21 days of start of lease, please provide Landlord, in writing, with any damage or additional comments related to the condition of the Premises. Tenant may email comments to Landlord at trixi@menhardt.com or mail comments to Landlord at PO Box 33095, Los Gatos, CA 95031. Tenant's timely comments, if any, shall then be incorporated into and become part of this Agreement. Tenant may contact Trixi Menhardt, 408-458-6592 with any questions concerning this Agreement.

Effective as of the date first set forth above.

Tenant                                     date signed:

Tenant                                     date signed:

Tenant                                     date signed:

Landlord                                   date signed:

18

DocuSign Envelope ID: 65E113E4-1B29-4126-A1AD-24E8547A50C7



DocuSign Envelope ID: 65E113E4-1B29-4126-A1A0-24E8547A50C7

# Exhibit B

DocuSign Envelope ID: 65E113E4-1B29-4126-A1AD-24E8547A50C7

## NOTICE TO PAY RENT OR QUIT
(C.C.P. Section 1161 Subsection 2)

TO: MELISSA   TRACY _____ and all tenants in possession:

**THE PREMISES** herein referred to are designated as follows:
Address:   1535 Hidden Terrace Ct.
            Santa Cruz, CA 95062

**PLEASE TAKE NOTICE** the rent has not been paid for the below described premises and is due and unpaid in the total sum of $ 6,000 :

Said unpaid rent consists of rent that is defined as COVID-19 Rental Debt, that came due during the Protected Time Period of March 1, 2020 through August 31, 2020:

| | | |
|---|---|---|
| Due Date of Rent: March, ____, 2020 | Amount unpaid: $ | / |
| Due Date of Rent: April, ____, 2020 | Amount unpaid: $ | |
| Due Date of Rent: May, ____, 2020 | Amount unpaid: $ | / |
| Due Date of Rent: June, ____, 2020 | Amount unpaid: $ | |
| Due Date of Rent: July, / , 2020 | Amount unpaid: $ 2,500 | |
| Due Date of Rent: August, / , 2020 | Amount unpaid: $ 3,500 | |

**WITHIN FIFTEEN (15) DAYS** of the date of service of this Notice upon you, excluding weekends and judicial holidays, you are required: a) to pay said rent, or in the alternative, b) to quit and deliver up possession of said premises, or in the alternative, c) deliver a signed declaration of COVID-19-related financial distress (provided in attachment 1), and documentation thereof (provided in attachment 2), if applicable, to the Landlord by any of the methods checked below or by mail to the following address.

Payment or Declaration should be delivered to:

Name:      TRIXI MENHARDT
Address:   LOS GATOS, CA 95031
           PO BOX 33095
Telephone: 408-458-6592

(Check should be made payable to:   Trixi Menhardt  )

## PAYMENT MAY BE MADE IN ANY OF THE CHECKED METHODS BELOW:

☐ By personal delivery:
The usual days and
hours when available to
accept payments are the
days of _____
between the hours of
_____ and _____

☒ By mail or courier delivery
to the above address (must
be postmarked within the
three day notice period)

☐ By deposit into Account
# _____ at
Bank Name: _____
Address: _____
_____

☒ By electronic funds transfer
pursuant to previously
established procedure

**SHOULD YOU FAIL** to pay the rent or to deliver up possession of the premises or provide said declaration and said documentation, if applicable, within said fifteen day period, your landlord will institute legal proceedings to recover possession of said premises from you, to declare forfeiture of the lease or rental agreement by which you hold possession of said premises, and to recover all unpaid rent, unlawful detainer damages, attorney's fees (if applicable), and Courts costs.

**YOU ARE ADVISED** that at this time we have not been informed that your unit is in need of any repairs. We take our responsibility as a landlord to maintain your unit in good repair very seriously. If you believe that any items need to be corrected, please address those issues to us in writing and we will inspect forthwith and make necessary repairs. Of course, if we do not receive any written repair requests, we will continue to assume that there are no items that need to be corrected at this time.

**To tenants who owe COVID-19 Rental Debt, that came due during the Protected Time Period** of March 1, 2020 through August 31, 2020, listed above, the following notice applies:

**NOTICE FROM THE STATE OF CALIFORNIA:** If you are unable to pay the amount demanded in this notice, and have decreased income or increased expenses due to COVID-19, your landlord will not be able to evict you for this missed payment if you sign and deliver the declaration form included with your notice to your landlord within 15 days, excluding Saturdays, Sundays, and other judicial holidays, but you will still owe this money to your landlord. If you do not sign and deliver the declaration within this time period, you may lose the eviction protections available to you. You must return this form to be protected. You should keep a copy or picture of the signed form for your records.

You will still owe this money to your landlord and can be sued for the money, but you cannot be evicted from your home if you comply with these requirements. You should keep careful track of what you have paid and any amount you still owe to protect your rights and avoid future disputes. Failure to respond to this notice may result in an unlawful detainer action (eviction) being filed against you.

For information about legal resources that may be available to you, visit lawhelpca.org.

/ / /

DocuSign Envelope ID: 66E113E4-1B29-4126-A1AD-24E8547A50C7

**HIGH INCOME TENANTS:**

[ ] If checked, your landlord has documentation on file that indicates that you are a high income tenant, because you earn more than $100,000.00 per year and you earn more than the median income in your county for your household size. The documentation consists of: _____
_____. Accordingly, attachment 2 applies to you.

Dated: 09/03/2020                 By: _~~~~~_
                                  Name: Trixi Meuhardt
                                  Agent /Landlord

Attachment 1: Declaration of COVID-19-related financial distress
Attachment 2: Documentation Required for High Income Tenant, if applicable   n/a
Attachment 3: Notice from the State of California
Attachment 4: City forms, if applicable

**THIS NOTICE SUPERSEDES ALL PREVIOUSLY SERVED NOTICES TO PAY OR QUIT**

Attachment 1

### Declaration of COVID-19-related financial distress

I am currently unable to pay my rent or other financial obligations under the lease in full because of one or more of the following:

1. Loss of income caused by the COVID-19 pandemic.
2. Increased out-of-pocket expenses directly related to performing essential work during the COVID-19 pandemic.
3. Increased expenses directly related to health impacts of the COVID-19 pandemic.
4. Childcare responsibilities or responsibilities to care for an elderly, disabled, or sick family member directly related to the COVID-19 pandemic that limit my ability to earn income.
5. Increased costs for childcare or attending to an elderly, disabled, or sick family member directly related to the COVID-19 pandemic.
6. Other circumstances related to the COVID-19 pandemic that have reduced my income or increased my expenses.

Any public assistance, including unemployment insurance, pandemic unemployment assistance, state disability insurance (SDI), or paid family leave, that I have received since the start of the COVID-19 pandemic does not fully make up for my loss of income and/or increased expenses.

Signed under penalty of perjury: _____

Print Name. _____

Dated: _____

*Perjury is a crime in the state of California:*
*CALIFORNIA PENAL CODE, PART 1, TITLE 7. OF CRIMES AGAINST PUBLIC JUSTICE*
*CHAPTER 5. Perjury and Subornation of Perjury*
*Section 118.*
*(a) Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.*



Attachment 2

## Documentation Required for High Income Tenant

The attachment ONLY applies to you if the box under "HIGH INCOME TENANT" above is checked.

Proof of income on file with your landlord indicates that your household makes at least 130 percent of the median income for the county where the rental property is located, as published by the Department of Housing and Community Development in the Official State Income Limits for 2020. As a result, if you claim that you are unable to pay the amount demanded by this notice because you have suffered COVID-19-related financial distress, you are required to submit to your landlord documentation supporting your claim together with the completed declaration of COVID-19-related financial distress provided with this notice. If you fail to submit this documentation together with your declaration of COVID-19-related financial distress, and you do not either pay the amount demanded in this notice or deliver possession of the premises back to your landlord as required by this notice, you will not be covered by the eviction protections enacted by the California Legislature as a result of the COVID-19 pandemic, and your landlord can begin eviction proceedings against you as soon as this 15-day notice expires.

You are required to provide documentation supporting any claim that you have suffered COVID-19-related financial distress. Any form of objectively verifiable documentation that demonstrates the COVID-19-related financial distress the tenant has experienced is sufficient to satisfy the requirements of this subdivision, including:

    a) Tax return.

    b) W-2.

    c) Written statement from a tenant's employer that specifies the tenant's income.

    d) Pay stubs.

    e) Documentation showing regular distributions from a trust, annuity, 401k, pension, or other financial instrument.

    f) Documentation of court-ordered payments, including, but not limited to, spousal support or child support.

    g) Documentation from a government agency showing receipt of public assistance benefits, including, but not limited to, social security, unemployment insurance, disability insurance, or paid family leave.

    h) a letter from an employer

    i) an unemployment insurance record.



**NOTICE TO TENANTS** who have not paid one or more rental payments that came due during the transition time period of September 1, 2020 through January 31, 2021.

**NOTICE FROM THE STATE OF CALIFORNIA**: The California Legislature has enacted the COVID-19 Tenant Relief Act of 2020 which protects renters who have experienced COVID-19-related financial distress from being evicted for failing to make rental payments due between March 1, 2020, and January 31, 2021.

"COVID-19-related financial distress" means any of the following:

1. Loss of income caused by the COVID-19 pandemic.

2. Increased out-of-pocket expenses directly related to performing essential work during the COVID-19 pandemic.

3. Increased expenses directly related to the health impact of the COVID-19 pandemic.

4. Childcare responsibilities or responsibilities to care for an elderly, disabled, or sick family member directly related to the COVID-19 pandemic that limit your ability to earn income.

5. Increased costs for childcare or attending to an elderly, disabled, or sick family member directly related to the COVID-19 pandemic.

6. Other circumstances related to the COVID-19 pandemic that have reduced your income or increased your expenses.

This law gives you the following protections:

1. If you failed to make rental payments due between March 1, 2020, and August 31, 2020, because you had decreased income or increased expenses due to the COVID-19 pandemic, as described above, you cannot be evicted based on this nonpayment.

2. If you are unable to pay rental payments that come due between September 1, 2020, and January 31, 2021, because of decreased income or increased expenses due to the COVID-19 pandemic, as described above, you cannot be evicted if you pay 25 percent of the rental payments missed during that time period on or before January 31, 2021.

You must provide, to your landlord, a declaration under penalty of perjury of your COVID-19-related financial distress attesting to the decreased income or increased expenses due to the COVID-19 pandemic to be protected by the eviction limitations described above. Before your landlord can seek to evict you for failing to make a payment that came due between March 1, 2020, and January 31, 2021, your landlord will be required to give you a 15-day notice that informs you of the amounts owed and includes a blank declaration form you can use to comply with this requirement.

If your landlord has proof of income on file which indicates that your household makes at least 130 percent of the median income for the county where the rental property is located, as published by the Department of Housing and Community Development in the Official State Income Limits for 2020, your landlord may also require you to provide documentation which shows that you have experienced a decrease in income or increase in expenses due to the COVID-19 pandemic. Your landlord must tell you in the 15-day notice whether your landlord is requiring that documentation. Any form of objectively verifiable documentation that demonstrates the financial impact you have experienced is sufficient, including a letter from your employer, an unemployment insurance record, or medical bills, and may be provided to satisfy the documentation requirement.

It is very important you do not ignore a 15-day notice to pay rent or quit or a notice to perform covenants or quit from your landlord. If you are served with a 15-day notice and do not provide the declaration form to your landlord before the 15-day notice expires, you could be evicted. You could also be evicted beginning February 1, 2021, if you owe rental payments due between September 1, 2020, and January 31, 2021, and you do not pay an amount equal to at least 25 percent of the payments missed for that time period.

For information about legal resources that may be available to you, visit lawhelpca.org.

DocuSign Envelope ID: 65E113E4-1B29-4128-A1AD-24E8547A59C7

# DECLARATION OF SERVICE OF NOTICE TO RESIDENT

I, the undersigned, declare that at the time of service of the papers herein referred to, I was at least eighteen (18) years of age, and that I served the following notice:

[X] Notice to Pay Rent or Quit

on the following resident(s): _Melissa Tracy_ and _tenants in possession_

at 2__ 3rd__ day of _September_ 2020.

[ ] BY DELIVERING a copy, for each of the above-named resident(s) PERSONALLY

OR

[ ] BY LEAVING a copy for each of the above-named resident(s) with a person of suitable age and discretion at the residence or usual place of business of the resident(s), said resident(s) being about thereof.

AND MAILING by first class mail on said date a copy to each resident(s) by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named resident(s) at their place of residence.

OR

[X] BY POSTING a copy, for each of the above-named resident(s) in a conspicuous place on the property therein described (here being no person of suitable age or discretion to be found at the residence or any known usual place of business of said resident(s):

AND MAILING by first class mail on said date a copy to each resident(s) by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named resident(s) at their place of residence.

I declare, under penalty of perjury, that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed this _3rd_ day of _Sept._ 20 _20_ at _Sta. Cruz_ California.

Declarant

TRK1 HEATHARDT

1   Melissa Tracy, Merek Teja
    1535 Hidden Terrace
2   Santa Cruz, CA, 95062

3   Defendants, In Pro Per

4

5

6

7

8           SUPERIOR COURT STATE OF CALIFORNIA, COUNTY OF SANTA CRUZ

9                      SANTA CRUZ DISTRICT,  LIMITED

10

11   Beatrix Menhardt, also known as Trixi       NO. 20 CV 02156
     Menhardt,
12                                               NOTICE OF MOTION AND MOTION TO
                        Plaintiffs,              QUASH SERVICE OF SUMMONS;
13   vs.                                         MEMORANDUM OF POINTS AND
                                                 AUTHORITIES; DECLARATION OF
14   Melissa Tracy, Merek Teja,                  MELISSA TRACY

15                      Defendants.              DATE:  November 24, 2020
                                                 TIME:   8:30 AM
16   ─────────────────────────────────          DEPT:   5 [Hon. Timothy Volkman]

17   TO PLAINTIFF AND COUNSEL:

18         NOTICE IS HEREBY GIVEN that on November 24, 2020 at 8:30 AM in Department 5

19   of this Court [or whichever courtroom to which this matter is assigned], Defendants will and do

20   hereby move the Court to quash service of summons, on grounds that service of the Summons

21   has not been properly effectuated.

22         This motion is based upon the following points and authorities, judicial notice of the

23   attached deed, and Declaration of Melissa Tracy. DEFENDANTS DO NOT STIPULATE A

24   COMMISSIONER OR JUDGE PRO TEM participating in any aspect of this matter [Cal Const.

25   Art 6 §21], and will submit on the papers absent actual appearance [CRC §3.1304(c)].

26              /s/
                                                 DATED: November 16, 2020
27   ────────────────────────
     Melissa Tracy, Merek Teja
     Defendants, In Pro Per
28
                              **MOTION TO QUASH**

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **Introduction**

3          Code of Civil Procedure §§ 418.10 and 1167.4 authorize the unlawful detainer defendant

4  to file a motion to quash service of summons. If denied, Code of Civil Procedure §1167.4

5  extends the time to respond until 5 days after service of the notice of ruling denying the motion,

6  and the court lacks jurisdiction to set any shorter time.

7          The court took the first motion to quash off calendar on October 29, 2020 when Plaintiff

8  admitted no service was done. The second motion to quash filed for a November 17, 2020

9  hearing was taken off calendar because a subsequent service of process rendered that motion

10  moot. This motion concerns the remaining defect in the service of summons.

11

12  **1. Jurisdiction not acquired by 5-day summons if complaint is not unlawful detainer**

13          Code of Civil Procedure §418.10 permits a defendant to move to quash service of

14  summons on grounds of lack of personal jurisdiction. Code of Civil Procedure §418.1 (1970).

15  Personal jurisdiction is acquired by compliance with lawful service requirements for summons.

16  Code of Civil Procedure § 410.50. Sections 415.10 et seq. of the Code of Civil Procedure

17  establish the means by which the summons may be served. Substituted service may be used

18  instead personal delivery of the summons. Code of Civil Procedure §415.20. The 5-day

19  summons is permitted only for unlawful detainer actions. *Delta Imports, Inc. v. Municipal*

20  *Court* (1983) 146 Cal. App. 3d 1033, 1035:

21          If the underlying complaint fails to state a cause of action for unlawful detainer,
           then use of the five-day summons is improper and the defendant is entitled to an
22          order quashing service as a matter of law.

23          Unlike *Borsuk v. Appellate Division of the Superior Court* (2015) 242 Cal. App. 4th 607,

24  this challenge does *not* address the manner of *service* of the 3-day notice, to which that case was

25  limited.  The questionable *Borsuk* rationale was that *Delta* had erroneously equated service of

26  the 3-day notice with acquiring jurisdiction, and that a demurrer could properly challenge that

27  defect. That is not what *Delta* said, which makes *Borsuk* bad law, but since *Borsuk* did not

28                                      **MOTION TO QUASH**

1   extend its ruling to other defects in an unlawful detainer complaint, *Delta* remains good law for

2   all other challenges to the failure to state a cause of action as a means of challenging jurisdiction

3   by means of a 5-day summons used exclusively for complaints that do state a cause of action for

4   unlawful detainer. Accordingly, *Borsuk* is, or should be, limited to a defect for manner of service

5   of the notice, and not extended to all other defects on a very slippery slope leading to everyone

6   using 5-day Summonses instead of 30-day summons in *every* civil action.

7           The problem with defective "unlawful detainer" actions was addressed in *Karz v.*

8   *Mecham* (1981) 120 Cal.App.3d Supp. 1, 5-6:

9           We now hold that ...To permit a plaintiff with a defective unlawful detainer action
            to use the procedure provided for in Civil Code section 1952.3 would encourage
10          bogus and fraudulent unlawful detainer filings in order that a landlord seeking rent
            due or prospective damages from a tenant who is giving up possession of the rental
11          property to file a knowingly defective unlawful detainer action in order to get a
            preferred trial setting under Code of Civil Procedure section 1179a. In the
12          overcrowded civil calendars of our municipal courts, we must prevent any such
            abuses.

13

14   **2. Plaintiff is not the owner; lack of a landlord-tenant relationship bars this action**

15          The Complaint fails to state a cause of action for unlawful detainer to qualify for using

16   the 5-day summons because there is no landlord-tenant relationship between these parties.

17           Unless the complaint alleges Plaintiff's ownership, or some recognized and legitimate

18   agency thereof, the complaint does not state a cause of action. (See *Earl Orchard v. Fava*

19   (1902)138 Cal. 76, 79) Absent the landlord-tenant relationship, there can be no action for

20   unlawful detainer. *Richmond v. Superior Court* (1908) 9 Cal. App.62; *Harper v. Raya* (1984)

21   154 Cal.App.3d 908, 913. The unlawful detainer remedy is not available unless the relationship

22   is that of landlord and tenant. *Marvell v. Marina Pizzeria* (1984) 155 Cal. App. 3d Supp 1;

23   *Greene v. Municipal Court* (1975) 51 Cal. App. 3d 446.

24           Attached hereto is a true and correct copy of the 2019 deed from Plaintiff and her

25   husband to their trust Plaintiff and her husband conveyed the property to their trust in April

26   2019, so that Plaintiff as an individual was no longer the owner, despite a contrary allegation in

27   the Complaint. Plaintiff is not the owner as an individual as she alleged in the First Amended

28                                          **MOTION TO QUASH**

1  Complaint, but only the former owner.  The owner is "Wido Menhardt and Beatriz Menhardt, as

2  trustees of the Menhardt Family 2010 Revocable Trust Dated 4/19/2019," not plaintiff.

3        Plaintiff executed the lease as an individual, concealing the true owner, where she was at

4  most an unlicensed property manager. Business and Professions Code §10131 et seq. There is no

5  alleged rental agreement between the Trust and Defendants. Integration paragraph 49 of the

6  alleged lease precludes any modification without the signatures of all parties, and no such

7  modification is alleged nor attached. As an individual, Plaintiff lacks standing, privity of estate

8  and privity of contract.

9        The First Amended Complaint therefore fails to state a cause of action for unlawful

10  detainer. The 5-day summons, even if properly served, does not create jurisdiction over

11  Defendants.

12

13  Respectfully submitted,

14        /s/

15  _____
   Melissa Tracy, Merek Teja
   Defendants, In Pro Per

16

17        **DECLARATION OF MELISSA TRACY**

18  STATE OF CALIFORNIA

19  COUNTY OF SANTA CRUZ

20  I, Melissa Tracy, state:

21        I am a Defendant in this action and make this declaration of my own personal knowledge.

22        Attached hereto is a true and correct copy of the recorded deed I discovered after this

23  action was filed. It clearly shows that  "Wido Menhardt and Beatriz Menhardt, as trustees of the

24  Menhardt Family 2010 Revocable Trust Dated 4/19/2019" is the owner, not plaintiff. There is no

25  agreement with the trust, only with a non-owner. Plaintiff is not a licensed real estate broker, and

26  cannot as an individual manage the real property of others.  The Plaintiff needs to be changed to

27  the Trust in order to begin to state a cause of action for unlawful detainer.

28        **MOTION TO QUASH**

- 4 -

1          I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3    EXECUTED THIS 17th DAY OF NOVEMBER, 2020 AT SANTA CRUZ, CALIFORNIA.

4              /s/
     _____
5    Melissa Tracy, Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                         **MOTION TO QUASH**

2019-0011591       5/2/2019 12:58 PM

OFFICIAL RECORDS of Santa Cruz County

Sean Saldavia Recorder



RECORDING FEE:   $95.00
COUNTY  TAX:   $0.00
CITY  TAX:  $0.00

248 ER ANADEEDS INC - SIMF        DEED

Electronically Recorded              3  PGS

RCD157

RECORDING REQUESTED BY:
GODEEDS, INC.

AFTER RECORDING RETURN TO:
GODEEDS, INC.
Attn: LegalZoom Dept.
8940 Main Street
Clarence, NY 14031
File No. 527349548-53371457

APN: 026-193-10-000

---

### TRUST TRANSFER DEED

(This conveyance transfers an interest into or out of a revocable living trust - R&T 11930)

CONSIDERATION FOR THIS TRANSFER IS ZERO.

There is no Documentary transfer tax due. R&T sec.11930

Signature of Beatrix Menhardt or Agent Determining Tax

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**GRANTOR(S): BEATRIX MENHARDT AND WIDO MENHARDT, WIFE AND HUSBAND, AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP, hereby GRANT(S) to**

**WIDO MENHARDT AND BEATRIX MENHARDT, AS TRUSTEES OF THE MENHARDT FAMILY 2010 REVOCABLE TRUST, DATED** 4/15/2019 , the following described real property in the City of Santa Cruz, County of SANTA CRUZ, State of California:

See Attached Exhibit A.

Also known as: 1535 Hidden Terrace, Santa Cruz, CA 95062

MAIL TAX STATEMENTS TO:
**Wido Menhardt and Beatrix Menhardt**
P.O. Box 33095
Los Gatos, CA 95031

Dated: 4/19/19

_____
Beatrix Menhardt

_____
Wido Menhardt

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF Santa Clara, California
COUNTY OF Santa Clara

On 4/19/19 before me, Shilpa Bhatnagar , a Notary Public, (insert Name of Notary Public and Title), personally appeared Wido Menhardt & Beatrix Menhardt , who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (NP)
(SIGNATURE OF NOTARY) SEAL

SHILPA BHATNAGAR
COMM. #2260306
Notary Public · California
Santa Clara County
Comm. Expires Sep 28, 2022

EXHIBIT A
LEGAL DESCRIPTION

THE LAND REFERRED TO IS SITUATED IN THE UNINCORPORATED AREA OF THE COUNTY OF
SANTA CRUZ, STATE OF CALIFORNIA, AND IS DESCRIBED . AS FOLLOWS:

LOT 7, AS SHOWN UPON THAT CERTAIN MAP ENTITLED, "TRACT NO. 1112, HIDDEN TERRACE",
FILED FOR RECORD OCTOBER 26, 1983 IN BOOK 73 OF MAPS AT PAGE 6, SANTA CRUZ COUNTY
RECORDS.

APN: 026-193-10-000

PROPERTY COMMONLY KNOWN AS: 1535 HIDDEN TERRACE, SANTA CRUZ, CA 95062

1

2

**PROOF OF SERVICE BY MAIL**

3

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

4

      I am employed in the County of Riverside, California at PO Box 2417, Idyllwild, CA

5   92549. I am over the age of 18 and not a party to the within action.

      On November 17, 2020, I served the Motion to Quash on the opposing party(s) in this

6   action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully
prepaid in the United States mail at Idyllwild, California, addressed to:

7                  **James Eschen, 55 River St. #100, Santa Cruz, CA 95060**

      I declare under penalty of perjury under the laws of the State of California that the above

8   is true and correct. Executed on November 17, 2020 at Idyllwild, California

9

10   Ken Carlson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         **MOTION TO QUASH**

F I L E D

DEC 04 2020

ALEX CALVO, CLERK
BY KAREN BROUGHTON
DEPUTY, SANTA CRUZ COUNTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ

NO. 20AP00011

Petitioner, Melissa Tracy, Merek Teja,

ORDER

vs.

Respondent, Superior Court of Santa Cruz County, et. al.,

The Court has reviewed all pleadings and finds that the Writ is denied as to the request to reset the Motion to Quash. Petitioners are directed to file and serve a Demurrer, or an Answer, by 12/9/2020. If a Demurrer is filed, opposition is to be filed and served by 12/11/2020. The hearing on said Demurrer will be 12/15/20, at 8:30, in Department Five. If an answer is filed, a Trial date will be submitted to the parties by the clerk's office. No further actions are to be taken by the clerk's office.

DATED: 12/4/2020

TIMOTHY R. VOLKMANN
Judge of the Superior Court

DATED: _____

PAUL MARIGONDA
Judge of the Superior Court

DATED: _____

PAUL BURDICK
Judge of the Superior Court

12/4/2020

-1-

1
2
3
4
5                    SUPERIOR COURT OF CALIFORNIA
6
7                        COUNTY OF SANTA CRUZ
8                                              NO. 20AP00011
9       Petitioner, Melissa Tracy, Merek Teja,
                                                ORDER
10
11      vs.
12      Respondent, Superior Court of Santa Cruz County, et. al.,
13
14          The Court has reviewed all pleadings and finds that the Writ is denied as to the request

15      to reset the Motion to Quash. Petitioners are directed to file and serve a Demurrer, or an

16      Answer, by 12/9/2020. If a Demurrer is filed, opposition is to be filed and served by
17
        12/11/2020. The hearing on said Demurrer will be 12/15/20, at 8:30, in Department Five. If
18
19      an answer is filed, a Trial date will be submitted to the parties by the clerk's office. No

20      further actions are to be taken by the clerk's office.

21      DATED: _____        _____
22                                      TIMOTHY R. VOLKMANN
                                        Judge of the Superior Court
23      DATED:  Dec. 4, 2020
24                                      PAUL MARIGONDA
25                                      Judge of the Superior Court
26
27      DATED:                          PAUL BURDICK
28                                      Judge of the Superior Court