1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8             NORTHERN DISTRICT OF CALIFORNIA
9
10
BEATRIX MENHARDT,                          Case No. 20-cv-08670-NC
11
                Plaintiff,
                                           **ORDER TO SHOW CAUSE**
12                                         **AND GRANTING**
        v.                                 **APPLICATION TO PROCEED**
13                                         **IN FORMA PAUPERIS**
MELISSA TRACY, et al.,
14                                         Re: Dkt. Nos. 1, 2, 3
                Defendants.
15
16

17       Defendants Melissa Tracy and Merek Teja removed plaintiff Beatrix Menhardt's

18 unlawful detainer action from Santa Cruz County Superior Court and filed a notice of

19 removal and motion for leave to proceed in forma pauperis on December 8, 2020.  Dkt.

20 Nos. 1–3.  Accordingly, the Court screens the complaint under 28 U.S.C. § 1915(e).  The

21 Court (1) GRANTS Tracy and Teja's motions to proceed in forma pauperis, and (2)

22 ORDERS Tracy and Teja to show cause in writing why this case should not be remanded

23 due to lack of subject matter jurisdiction.

24 **I.    IN FORMA PAUPERIS APPLICATION**

25       Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil

26 action in forma pauperis if the individual shows that they cannot pay the filing fees

27 necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  Here, Tracy and Teja both

28 submitted the required documentation.  *See* Dkt. Nos. 2–3.  Based on the listed assets,

United States District Court
Northern District of California

income, and liabilities, the Court is persuaded that both Tracy and Teja are unable to afford the filing fees.  *Id.*  Accordingly, the Court GRANTS Tracy's and Teja's applications to proceed in forma pauperis.

## II.   SCREENING UNDER 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

The Court has an independent duty to ascertain its jurisdiction and may remand a case sua sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  Here, the Court finds that it does not have subject matter jurisdiction over the lawsuit and as such, removal of this state court action is inappropriate.

## III.  REMOVAL

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal from state to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441(a).  In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).  Where doubt exists regarding the right to remove an action, it should be resolved in favor of remanding to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  A case must be remanded if at any time before final judgment the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts only have original jurisdiction over three types of cases: (1) where the United States is a party; (2) where there is a "federal question" asserted; and (3) where

there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331–32.  The plaintiff's well-pleaded complaint at the time of removal dictates whether subject matter jurisdiction exists.  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. California*, 463 U.S. 1, 9–10 (1983).  District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted).  Under the well-pleaded complaint rule, a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation and internal quotation marks omitted).  "One exception to the statutory 'well-pleaded complaint rule' is when Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Proctor*, 584 F.3d at 1219.  "Federal jurisdiction cannot be predicated on an actual or anticipated defense."  *Vaden*, 556 U.S. at 60 (citation and internal quotation marks omitted).

Although it is not stated directly in the notice of removal, Menhardt's complaint asserts one cause of action for unlawful detainer under California state law.  *See* Dkt. No. 1-1 ("Complaint").  Tracy and Teja, however, assert that this Court has federal question jurisdiction because section 4024(b) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") imposes a temporary moratorium on eviction filings, and preempts state laws regarding landlords who enjoy a forbearance agreement.  *See* Dkt. No. 1 at 2; *see also* 15 U.S.C. § 9058.  "On March 27, 2020, the federal government enacted the [CARES Act].  The CARES Act provided numerous forms of relief to affected industries and industries [sic], including a prohibition against new eviction cases filed by

3

1   housing providers who participate in certain federal housing rental programs on the basis

2   of non-payment of rent." *Elmsford Apartment Assocs., LLC v. Cuomo*, 469 F. Supp. 3d

3   148, 157 (S.D.N.Y. Jun. 29, 2020).

4          Although the CARES Act may be a basis for federal question jurisdiction, the face of

5   Menhardt's Complaint does not allege facts establishing that the CARES Act is the basis

6   for her cause of action.  Furthermore, the Court is not aware of any federal cases that

7   discuss whether the CARES Act preempts state eviction laws.  This unlawful detainer

8   action does not appear to be based upon the CARES Act, and it is Tracy and Teja's burden

9   to show that Menhardt's Complaint is based upon that federal statute and is not merely an

10  anticipated defense.

## IV. CONCLUSION

12         The Court GRANTS Tracy and Teja's motions for leave to proceed in forma

13  pauperis.  Tracy and Teja, however, have not established a jurisdictional basis for removal.

14  Accordingly, the Court ORDERS Tracy and Teja to show cause why this case should not

15  be remanded to state court for lack of subject matter jurisdiction.  Tracy and Teja must

16  respond in writing to this order within 14 days, by **January 7, 2021.**  Plaintiff must file a

17  reply within 7 days of service of Defendants' response.

18         Finally, the Court alerts Tracy and Teja to the Federal Pro Se Program at the San Jose

19  Courthouse, which provides free information and limited-scope legal advice to pro se

20  litigants in federal civil cases.  The Federal Pro Se Program is available by phone

21  appointment at (408) 297-1480.

22         **IT IS SO ORDERED.**

24  Dated:  December 24, 2020                    _____

25                                              NATHANAEL M. COUSINS
                                                United States Magistrate Judge

*United States District Court*
*Northern District of California*

4